IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DREAMECORE ENTERPRISE; and<br>MOHAMMED IBRAHIM GHATALA,<br><br>　　　　　　　Defendants. | Civil Action No. 17-cv-6514<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT;
FEDERAL TRADEMARK DILUTION, FEDERAL UNFAIR COMPETITION;
VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT;
<u>AND COMMON LAW TRADEMARK INFRINGEMENT</u>**

Plaintiff, Wm. Wrigley Jr. Company ("Wrigley"), by and through its attorneys, Loeb & Loeb LLP, for its complaint against Dreamecore Enterprise and Mohammed Ibrahim Ghatala ("Defendants") alleges as follows:

**NATURE OF THE ACTION**

1. There is a growing concern, shared by the FDA, the Senate and others, that the marketing of e-cigarette materials in chocolate, fruit and/or candy flavors harmfully targets children under 18 years of age. This action is brought because Defendants have refused to cease their misappropriation of Wrigley's famous and federally registered JUICY FRUIT trademark for use on Defendants' e-liquid for electronic cigarettes, in an intentional effort to trade off of the valuable goodwill that Wrigley has built up in its marks. Defendants' unauthorized and infringing use of Wrigley's JUICY FRUIT trademark is likely to cause confusion, harm the public, and damage Wrigley's valuable rights.

2. Therefore, to address these concerns, Wrigley brings this civil action seeking damages and injunctive relief for willful trademark infringement, dilution, and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.* and Illinois common law.

## THE PARTIES

3. Wrigley is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. Upon information and belief, Defendant, Dreamecore Enterprise, is a California corporation with its principal place of business at 2610 Central Ave., Suite 150, Union City, California 94587.

5. Upon information and belief, Defendant, Mohammed Ibrahim Ghatala ("Ghatala"), is a California resident, the owner of Dreamecore Enterprise, and has at all times directed and controlled the complained of activities by Dreamecore Enterprise.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Wrigley's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Wrigley's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Furthermore, this Court has jurisdiction over Wrigley's claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and the parties are citizens of different states. This Court also has supplemental jurisdiction over Wrigley's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Personal jurisdiction over Defendants is proper because, on information and belief, Defendants operate an interactive Internet store, Vape Fab, located at www.vapefab.com, whereby they intentionally offer for sale to residents of the State of Illinois e-liquid products which infringe on Wrigley's trademarks, knowingly causing injury to Wrigley in the State of Illinois.

8. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## GENERAL ALLEGATIONS

### I. WRIGLEY'S FAMOUS TRADEMARKS

9. Wrigley is a recognized global leader in confections, with a wide range of product offerings including gum, mints, and candies. Wrigley markets products under dozens of well-known brands, including DOUBLEMINT, JUICY FRUIT, LIFE SAVERS, and SKITTLES.

10. For over a century, Wrigley has marketed and sold chewing gum and related products under the famous JUICY FRUIT mark and trade dress, which features distinctive yellow packaging with the word mark JUICY FRUIT underneath the word mark WRIGLEY'S, as shown below:



11. As a result, Wrigley enjoys extensive common law trademark rights in the JUICY FRUIT mark and the Juicy Fruit trade dress.

12. Wrigley owns numerous federal registrations for its JUICY FRUIT mark and trade dress, including, but not limited to, Registration Nos. 105,032; 619,549; and 2,836,550 (such federal registrations, collectively with the common law trademark rights in the JUICY

FRUIT mark and Juicy Fruit Trade Dress, are hereinafter referred to as the "JUICY FRUIT Mark and Trade Dress").

13. Each of the above-referenced trademark registrations are valid, subsisting, and in full force under 15 U.S.C. § 1065, and, together with Wrigley's extensive common law rights, make the JUICY FRUIT Mark and Trade Dress valuable assets owned by Wrigley.

14. Wrigley's JUICY FRUIT Registration Nos. 105,032; 619,549; and 2,836,550 are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

15. Wrigley is the exclusive owner of the JUICY FRUIT Mark and Trade Dress and all of the related business and goodwill throughout the United States. Attached hereto as **Exhibit A** are true and correct copies of the trademark registration certificates for the JUICY FRUIT Mark and Trade Dress as issued by the United States Patent and Trademark Office.

16. Wrigley has expended millions of dollars and significant effort to advertise and promote Wrigley's products bearing the JUICY FRUIT Mark and Trade Dress, and has sold many millions of these products. As a result, the JUICY FRUIT Mark and Trade Dress has acquired strong goodwill signifying Wrigley.

17. Due to Wrigley's extensive marketing efforts and sales success, the JUICY FRUIT Mark and Trade Dress have each become extremely valuable corporate assets. Wrigley has successfully licensed its trademarks to third parties who agree to abide by Wrigley's guidelines for use of the trademark(s).

18. The JUICY FRUIT Mark and Trade Dress are strong and distinctive marks, which are immediately recognized by the public as a brand indicator of, and inextricably associated with, Wrigley's products. The JUICY FRUIT Mark and Trade Dress identify authorized products that emanate from, or are licensed or sponsored by, Wrigley.

**II.     DEFENDANTS' WRONGFUL ACTS**

19.     Upon information and belief, Defendants market and sell e-liquid for electronic cigarettes online at www.vapefab.com.

20.     Rather than develop their own brand names for their products, Defendants have chosen to market their e-liquid for electronic cigarettes using Wrigley's JUICY FRUIT mark, without authorization or license, as shown below:



21.     In July 2016, Wrigley's counsel wrote to Defendants detailing Wrigley's rights in its JUICY FRUIT mark, and demanding that Defendants stop selling products bearing the JUICY

FRUIT mark. Defendants did not respond to Wrigley's counsel's letter and failed to remove the infringing JUICY FRUIT product from their website.

22. Wrigley's counsel again wrote to Defendants in August 2016, September 2016, and July 2017, each time demanding that Defendants stop selling products bearing the JUICY FRUIT mark. Defendants did not respond to any of these letters and continue to offer for sale on their website the infringing JUICY FRUIT product.

23. Upon information and belief, Defendants adopted and use the JUICY FRUIT mark with full knowledge of, and in willful disregard of Wrigley's intellectual property rights, and with the intent to take advantage of the goodwill that Wrigley has developed in the JUICY FRUIT mark.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

24. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

25. Defendants' acts are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

26. Upon information and belief, Defendants adopted and use the JUICY FRUIT mark with full knowledge of, and in willful disregard of Wrigley's rights in its trademarks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

27. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

28. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

29. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Federal Trademark Dilution

30. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

31. The JUICY FRUIT Mark and Trade Dress are inherently distinctive and famous under 15 U.S.C. § 1125(c).

32. Defendants' unlawful use of the JUICY FRUIT mark in commerce began long after the JUICY FRUIT Mark and Trade Dress became famous.

33. Defendants' conduct causes, and will continue to cause dilution of the distinctive quality of the famous JUICY FRUIT Mark and Trade Dress.

34. Upon information and belief, Defendants adopted and use the JUICY FRUIT mark with full knowledge of the JUICY FRUIT Mark and Trade Dress, and with the willful intention to trade on Wrigley's reputation and/or cause dilution of the famous JUICY FRUIT Mark and Trade Dress, making this an exceptional case pursuant to 15 U.S.C. § 1117.

35. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

36. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

37. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Federal Unfair Competition

38.     Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

39.     Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Wrigley, or as to the origin, sponsorship, or approval of Defendants' goods.  Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

40.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

41.     Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

42.     Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Deceptive Trade Practices Pursuant to 815 ILCS §§ 510/1, *et seq*.

43.     Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

44.     Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their products

with Wrigley products; and using deceptive representations or designations of origin in connection with Defendants' products.

45. The unauthorized use by Defendants of the JUICY FRUIT mark is causing and is likely to cause substantial injury to the public and to Wrigley, and Wrigley has no adequate remedy at law for this injury. Wrigley is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

### FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

46. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

47. Defendants' acts constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

48. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

49. Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Wrigley respectfully requests that this Court:

1. Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, *et seq.*, and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a preliminary and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, successors, assigns, and all other

persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the JUICY FRUIT Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

3. Require Defendants to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing or infringing on the JUICY FRUIT Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

4. Require Defendants to immediately deliver to Wrigley for destruction all products, packaging, advertising, and promotional materials bearing or infringing on the JUICY FRUIT Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley, pursuant to 15 U.S.C. § 1118;

5. Require Defendants to immediately cease sales of the products described above on their website, www.vapefab.com, and in any other locations on the Internet, including other websites owned or operated by Defendants or any of their affiliates, and any social media platforms owned or operated by Defendants or any of their affiliates;

6. Order Defendants to account to Wrigley all profits wrongfully derived by their unlawful conduct and to pay to Wrigley:

    a. all monetary actual and/or statutory damages sustained and to be sustained by Wrigley as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

    b. all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

    c. exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

        d.        pre-judgment interest on all damages; and

        e.        Wrigley's costs and disbursements in this action, including its reasonable attorney's fees;

7. Direct that Defendants file with this Court and serve on counsel for Wrigley within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

8. Order any such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Wm. Wrigley Jr. Company respectfully demands a trial by jury of all issues so triable by a jury.

Date:  September 8, 2017

Respectfully submitted,
LOEB & LOEB LLP

By: /s/ Douglas N. Masters
Douglas N. Masters
Loeb & Loeb LLP
321 N. Clark Street
Chicago, IL 60654
Tel: 312-464-3100
Fax: 312-464-3111

*Attorneys for Plaintiff Wm. Wrigley Jr. Company*